# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| LISA M. DEAN, | |
| Plaintiff, | No. 17-CV-0068-LTS |
| vs. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | **REPORT AND RECOMMENDATION** |
| Defendant. | |

Plaintiff, Lisa M. Dean ("claimant"), seeks judicial review of a final decision of the Commissioner of Social Security ("the Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. She contends that the Administrative Law Judge (ALJ) who heard her claim erred in determining that she was not disabled. For the reasons that follow, I recommend that the District Court **affirm** the Commissioner's decision.

## I.  BACKGROUND

I adopt the facts set forth in the parties' Joint Statement of Facts and therefore only summarize the pertinent facts here. (Doc. 16). Claimant was born in 1963, making her forty-eight years old when she allegedly became disabled and fifty years old on the date last insured. (AR 11, 19).[1] Claimant earned a general equivalency diploma (GED) and completed one year of college. (AR 62). Her past relevant work includes convenience store assistance manager and cashier II. (AR 19).

---

[1] "AR" refers to the administrative record below.

On January 30, 2012, claimant filed an application for disability insurance benefits. (AR 11; Doc. 16, at 2). She alleged a disability onset date of December 29, 2011. (*Id.*). The Social Security Administration denied the claim initially and on reconsideration. (AR 168-71, 178-81). The ALJ, Jo Ann L. Draper, heard claimant's claim on December 20, 2013 (AR 58-85), and denied claimant's claim on February 12, 2014. (AR 148-56). The Appeals Council granted claimant's request for review and remanded the case on May 30, 2015, with instructions for the ALJ to "[d]etermine the claimant's date last insured and evaluate the issue of disability through that date." (AR 163-64).

On November 19, 2015, the ALJ held another hearing on the matter. (AR 30-57). Claimant offered testimony and was represented by counsel. (*Id.*). Testimony was also heard from Carma A. Mitchell, a vocational expert. (AR 51-56). On December 1, 2015, the ALJ issued a decision denying the claim. (AR 11-21). In response to the Appeals Council's prior remand, the ALJ, in her December 2015 decision, determined claimant's last date insured was December 31, 2013, instead of the ALJ's prior determination of December 31, 2012. (AR 14, 150). On April 21, 2017, the Appeals Council denied review. (AR 1-3). The ALJ's decision therefore became the final decision of the Commissioner. *See* 20 C.F.R. § 416.1481.

On June 26, 2017, claimant timely filed the instant complaint in this Court. (Doc. 3). By February 5, 2018, the parties had filed their briefs. (Docs. 16-18). On February 21, 2018, the Court deemed the case fully submitted and ready for decision. The Honorable Leonard T. Strand, Chief United States District Court Judge, referred this case to me for a Report and Recommendation.

## II. DISABILITY DETERMINATIONS AND BURDEN OF PROOF

A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be

expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). An individual has a disability when, due to her physical or mental impairments, "[she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). If the claimant is able to do work which exists in the national economy but is unemployed because of inability to get work, lack of opportunities in the local area, economic conditions, employer hiring practices, or other factors, the ALJ will still find the claimant not disabled.

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows the five-step sequential evaluation process outlined in the regulations. *Kirby v. Astrue*, 500 F.3d 705, 707-08 (8th Cir. 2007). First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(i). "Substantial" work activity involves physical or mental activities. (*Id.* § 404.1572). "Gainful" activity is work done for pay or profit, even if the claimant did not ultimately receive pay or profit. (*Id.*).

Second, if the claimant is not engaged in substantial gainful activity, then the Commissioner looks to the severity of the claimant's physical and mental impairments. *Id.* § 416.920(a)(4)(ii). If the impairments are not severe, then the claimant is not disabled. An impairment is not severe if it does "not significantly limit [a] claimant's physical or mental ability to do basic work activities." *Kirby*, 500 F.3d at 707.

The ability to do basic work activities means the ability and aptitude necessary to perform most jobs. These include: (1) physical functions such as walking, standing,

sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Bowen v. Yuckert*, 482 U.S. 137, 141 (1987); *see also* 20 C.F.R. 404.1521 (2015).

Third, if the claimant has a severe impairment, then the Commissioner will determine the medical severity of the impairment. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled regardless of age, education, and work experience. *Kelley v. Callahan*, 133 F.3d 583, 588 (8th Cir. 1998).

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's residual functional capacity (RFC) and the demands of her past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). If the claimant can still do her past relevant work, then she is considered not disabled. (*Id.*). Past relevant work is any work the claimant performed within the fifteen years prior to her application that was substantial gainful activity and lasted long enough for the claimant to learn how to do it. (*Id.* § 416.960(b)). "RFC is a medical question defined wholly in terms of the claimant's physical ability to perform exertional tasks or, in other words, what the claimant can still do despite . . . her physical or mental limitations." *Lewis v. Barnhart*, 353 F.3d 642, 646 (8th Cir. 2003) (internal quotation marks omitted). The RFC is based on all relevant evidence. The claimant is responsible for providing the evidence the Commissioner will use to determine the RFC. *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). If a claimant retains enough RFC to perform past relevant work, then the claimant is not disabled.

Fifth, if the claimant's RFC as determined in Step Four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to show there is other work the claimant can do, given the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c)(2). The Commissioner must show not only that the claimant's RFC will allow her to make the adjustment to other work, but also that other work exists in significant numbers in the national economy. *Eichelberger*, 390 F.3d at 591. If the claimant can make the adjustment, then the Commissioner will find the claimant not disabled. At Step Five, the Commissioner has the responsibility of fairly and fully developing the record before making a determination about the existence of a disability. *Snead v. Barnhart*, 360 F.3d 834, 838 (8th Cir. 2004). The burden of persuasion to prove disability remains on the claimant. *Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004).

## III. THE ALJ'S FINDINGS

The ALJ made the following findings at each step with regard to claimant's disability status:

At Step One, the ALJ found that claimant had not engaged in substantial gainful activity during the period from her alleged onset date through her date last insured. (AR 14).

At Step Two, the ALJ found that claimant suffered from the following severe impairments: "degenerative disc disease of the cervical spine, status post discectomy; and fibromyalgia." (*Id.*). The ALJ also noted that other impairments were mentioned in the record (including a thyroid condition and chronic vomiting syndrome), but found that these were non-severe in nature. (*Id.*).

At Step Three, the ALJ found that none of claimant's impairments met or equaled a presumptively disabling impairment listed in the regulations. (*Id.*).

At Step Four, the ALJ found that claimant retained the RFC required to perform light work, subject to the following additional restrictions:

> [L]ifting or carrying 20 pounds occasionally and 10 pounds frequently, standing or walking up to six hours of an eight-hour day, and sitting approximately six hours of an eight-hour day. In addition, she may only occasionally climb, balance, stoop, kneel, crouch, crawl, or reach overhead with her right, upper extremity, but never climb ladders, ropes, or scaffolds. She may also have only occasional exposure to extremes of cold or vibration, and she is precluded from exposure to hazardous conditions, such as unprotected heights or moving machinery.

(*Id.*). Based on this RFC determination, the ALJ determined that claimant was able to perform her past relevant work as a convenience store manager and cashier II. (AR 18-19).

In the alternative, at Step Five, the ALJ found that, despite claimant's RFC, there were jobs that existed in significant numbers in the national economy that claimant could still perform, including sales attendant, unskilled mail clerk, and marker. (AR 19-20).

Therefore, the ALJ concluded that claimant was not under a disability at any time between her alleged onset date and her date last insured. (AR 20).

## IV. THE SUBSTANTIAL EVIDENCE STANDARD

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis*, 353 F.3d at 645 (internal quotation marks omitted). The Eighth Circuit Court of Appeals explains the standard as "something less than the weight of the evidence . . . [that] allows for the possibility of drawing two inconsistent conclusions[;] thus it embodies a zone of choice within which the

[Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994) (citations and internal quotation marks omitted).

In determining whether the Commissioner's decision meets this standard, a court "consider[s] all of the evidence that was before the ALJ, but . . . do[es] not re-weigh the evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). A Court considers both evidence that supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The Court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the Court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The Court, however, "do[es] not reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (quoting *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the Court "find[s] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the Court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even in cases where the Court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The Court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite

decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

## V. DISCUSSION

Claimant argues the ALJ committed reversible error in assessing claimant's RFC because the ALJ failed to properly evaluate how often claimant would need to be absent from work due to her conditions and treatment. (Doc. 17, at 3-6). Claimant alleges that "[w]hile it may not be clear how many absences a month [claimant] may need, it is clear she required some unscheduled absences." (*Id.*, at 6).

Claimant has the burden of proving limitations. *Goff*, 421 F.3d at 790 (claimant bears the burden of demonstrating RFC limitations); *see Buford v. Colvin*, 824 F.3d 793, 796 (8th Cir. 2016) ("the burden is on the claimant to establish his or her RFC"), *Stormo*, 377 F.3d at 806 ("The burden of persuasion to prove disability and to demonstrate RFC remains on the claimant . . . .").

Claimant alleges that she "sought treatment for intractable migraine headaches, nausea and vomiting, or neck or back pain for some 21-26 days over a two-year period," but claimant did not provide any evidence that she frequently missed work due to these conditions. (Doc. 17, at 6). In support of her allegation, claimant showed that she went to the doctor for complaints of shoulder, arm, and neck pain in January and February 2012, was hospitalized overnight for neck surgery in July 2012, and went to the emergency room once due to lumbar back pain in September 2013. (*Id.*, at 5). Claimant further showed that on multiple occasions she sought medical treatment for symptoms of her cyclic vomiting syndrome. (*Id.*, at 4-5). Claimant, however, offered no evidence that she missed work on any of those occasions. At the November 2015 hearing before the ALJ, claimant's attorney asked claimant about missing work; claimant responded that she did not miss work due to these conditions.

8

> [Attorney:] So you were missing work because of the -- the vomiting. Were you missing work because of either of the thyroid or the pain?
>
> [Claimant:] No, I -- I don't think I took any days off just because I was hurting like crazy. I -- I would try. I had gone home a couple of days early because of the pain but otherwise, it was because of the cyclic that I -- that I missed the work.
>
> [Attorney:] And what was going on with you the days you left early?
>
> [Claimant:] Was the neck pain, the back pain, that's about it. Other than the cyclic you mean, right? Yeah.

(AR 48).

In regard to claimant's cyclic vomiting syndrome, the ALJ found claimant failed to establish that the related symptoms had a significant impact on her ability to perform basic work activities. (AR 17). Claimant does not contest that determination here. (*See* Doc. 17). In making that determination, the ALJ noted that claimant gave inconsistent accounts of the frequency of her cyclic vomiting syndrome. (AR 17). A medical report dated July 11, 2013, noted "[patient] states she has cyclic vomiting where she vomits uncontrollably *every 8 weeks*." (AR 700 (emphasis added)). A November 11, 2013, medical report stated, "She has [cyclic] vomiting syndrome[.] She has *4-6 times [a] year*." (AR 732 (emphasis added)). An October 9, 2014, medical report noted, "She states that she gets the cyclic vomiting with migraine about *every 4-6 weeks*." (AR 770 (emphasis added)). Then, at her November 2015 hearing, claimant testified the alleged frequency was *monthly*, sometimes "*a couple of times a month*." (AR 42-43 (emphasis added)). The ALJ rejected claimant's subjective allegations regarding the frequency of her symptoms and found claimant's cyclic vomiting symptoms to be infrequent with a relatively quick recovery. (AR 17). Claimant does not dispute the ALJ's finding (*see* Doc. 17), and claimant did not previously put forth any evidence of how often she missed

9

work due to those symptoms, nor does she now identify such evidence in the record. Further, claimant stated that these monthly periods of absenteeism were only "at one point," which would indicate that it was unusual for claimant to experience cyclic vomiting with such great frequency. (AR 43). Therefore, I find the ALJ properly found that claimant failed to meet her burden to prove additional limitations related to absenteeism.

Nonetheless, assuming, *in arguendo*, that claimant would have needed to miss work 21-26 times over the relevant two-year period, the ALJ still would have found claimant not disabled. If claimant had to miss work 21-26 times over a two-year period, that would amount to, at most, 1.08 days per month. At the November 2015 hearing, the vocational expert testified that a hypothetical person similarly situated to claimant could still perform claimant's past work as a cashier II and convenience store manager even if the hypothetical person had to miss work one day a month every month. (AR 55). Thus, even assuming the 21-26 absences over the two-year relevant period was accurate, the ALJ still could have found claimant could perform her past relevant work. *See Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012) (declining to reverse an ALJ's decision where "there [was] no indication that the ALJ would have decided differently," even absent an error made by the ALJ). Therefore, even if the ALJ did err, such error would be harmless.

## VI. CONCLUSION

For the foregoing reasons, I respectfully recommend the District Court **affirm** the ALJ's determination that claimant was not disabled, and enter judgment against claimant and in favor of the Commissioner.

The parties must file objections to this Report and Recommendation within fourteen (14) days of the service of a copy of this Report and Recommendation, in accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b). Objections must

specify the parts of the Report and Recommendation to which objections are made, as well as the parts of the record forming the basis for the objections. *See* FED. R. CIV. P. 72. Failure to object to the Report and Recommendation waives the right to *de novo* review by the District Court of any portion of the Report and Recommendation as well as the right to appeal from the findings of fact contained therein. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009).

**IT IS SO ORDERED** this 3rd day of May, 2018.

_____
C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa