# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| LISA M. DEAN, | |
| Plaintiff, | No. C17-68-LTS |
| vs. | **ORDER ON REPORT AND RECOMMENDATION** |
| NANCY A. BERRYHILL, Deputy Commissioner of Operations,[1] | |
| Defendant. | |

## I. INTRODUCTION

This case is before me on a Report & Recommendation (R&R) by the Honorable C.J. Williams, Chief United States Magistrate Judge. Doc. No. 20. Judge Williams recommends that I affirm the decision of the Commissioner of Social Security (the Commissioner) denying plaintiff Lisa Dean's application for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401, et seq. (Act). Neither party has objected to the R&R. The deadline for such objections has expired.

---

[1] On March 6, 2018, the Government Accountability Office stated that as of November 17, 2017, Nancy Berryhill's status as Acting Commissioner violated the Federal Vacancies Reform Act (5 U.S.C. § 3346(a)(1)). U.S. Gov't Accountability Off., GAO-B-329853, Violation of the Time Limit Imposed by the Federal Vacancies Reform Act of 1998—Commissioner, Social Security Administration (2018). As of that date, Berryhill was not authorized to serve using the title of Acting Commissioner. Therefore, as of November 17, 2017, she has been leading the agency from her position of record, Deputy Commissioner of Operations. For simplicity, I will continue to refer to the defendant as "the Commissioner" throughout this order.

## II. APPLICABLE STANDARDS

### A. *Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003). The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

To determine whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence which supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court "must search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

To evaluate the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188

(8th Cir. 1994)). Instead, if, after reviewing the evidence, the court "find[s] it possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th Cir. 2008)). This is true even if the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see also Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

### B. *Review of Report and Recommendation*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error").

3

As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. THE R&R

Dean sought disability benefits, alleging an onset date of December 29, 2011, due to symptoms related to cervical disc degeneration, fibromyalgia and chronic vomiting syndrome. AR 11, 15. After a hearing, an Administrative Law Judge (ALJ) concluded on February 12, 2014, that Dean was not disabled. AR 11, 20. The Appeals Council granted Dean's request for review and remanded the case on May 30, 2015, instructing the ALJ to determine Dean's date last insured. *Id.*; AR 161–63. The ALJ held a second hearing on November 19, 2015, and denied the claim on December 1, 2015. AR 12. In that decision, the ALJ found that Dean suffered severe impairments due to degenerative disc disease of the cervical spine, status post discectomy and fibromyalgia. AR 15. However, the ALJ found that Dean was able to perform light work with some restrictions and could perform her past relevant work, as well as other jobs that existed in significant numbers in the national economy. *Id.* Therefore, Dean was not disabled. *Id.* The Appeals Council denied additional review. AR 1. Dean filed a complaint in this court on June 26, 2017, and Judge Williams filed his R&R on May 3, 2018.

Dean argued that the ALJ failed to properly evaluate how often she would need to be absent from work due to her impairments. Doc. No. 17 at 3. She noted that she had sought treatment for either headaches, nausea, vomiting, neck pain or back pain for 21 to 26 days over a two-year period. *Id.* at 6. Judge Williams noted that although a claimant has the burden of proving her limitations, Dean did not present evidence that she missed work because of pain or cyclic vomiting, even though she went to the doctor for treatment. Doc. No. 20 at 8–9. He explained,

> In support of her allegation, claimant showed that she went to the doctor for complaints of shoulder, arm, and neck pain in January and February 2012, was hospitalized overnight for neck surgery in July 2012, and went to the emergency room once due to lumbar back pain in September 2013. (*Id.*, at 5). Claimant further showed that on multiple occasions she sought medical treatment for symptoms of her cyclic vomiting syndrome. (*Id.*, at 4-5). Claimant, however, offered no evidence that she missed work on any of those occasions.

Doc. No. 20 at 8.

Dean did not dispute the ALJ's dismissal of her subjective allegations or the ALJ's finding that her symptoms were "infrequent with a relatively quick recovery." *Id.* at 9. Judge Williams noted the inconsistencies in Dean's testimony and stated that she did not identify any evidence in the record of missed work days when filing her complaint. *Id.* at 9–10. Therefore, Judge Williams concluded that the ALJ properly found Dean had failed to prove additional limitations due to missing work. *Id.*

Judge Williams also added that even if Dean had proved she missed work 21 to 26 times over the relevant two-year period, as she alleged, the ALJ would still have found her not disabled. *Id.* at 10. He explained,

> If claimant had to miss work 21-26 times over a two-year period, that would amount to, at most, 1.08 days per month. At the November 2015 hearing, the vocational expert testified that a hypothetical person similarly situated to claimant could still perform claimant's past work as a cashier II and convenience store manager even if the hypothetical person had to miss work one day a month every month. (AR 55). Thus, even assuming the 21-26 absences over the two-year relevant period was accurate, the ALJ still could

5

have found claimant could perform her past relevant work. *See Byes v. Astrue*, 687 F.3d 913, 917 (8th Cir. 2012) (declining to reverse an ALJ's decision where "there [was] no indication that the ALJ would have decided differently," even absent an error made by the ALJ). Therefore, even if the ALJ did err, such error would be harmless.

*Id.*

## IV.   ANALYSIS

Because the parties did not object to the R&R, I have reviewed it for clear error. Judge Williams applied the appropriate legal standards for evaluating whether the ALJ properly analyzed Dean's need to miss work because of her conditions. Based on my review of the record, I find no error – clear or otherwise – in Judge Williams' recommendation. As such, I adopt the R&R in its entirety.

## V.   CONCLUSION

For the reasons set forth herein:

1. I **accept** Judge Williams' R&R (Doc. No. 20) without modification. *See* 28 U.S.C. § 636(b)(1).

2. Pursuant to Judge Williams' recommendation, the Commissioner's determination that Dean was not disabled is **affirmed**.

3. Judgment shall enter in favor of the defendant and against the plaintiff.

**IT IS SO ORDERED.**

**DATED** this 19th day of June, 2018.

_____
Leonard T. Strand, Chief Judge